UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PASHKA BERISHAJ and PETER
BERISHAJ,

                        Plaintiffs,                       Case Number 12-10892

v.                                              Honorable David M. Lawson

THE BANK OF NEW YORK MELLON
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                        Defendants.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on the plaintiffs' motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The plaintiffs seek relief from the Court's October 10, 2012 judgment dismissing their complaint. They first argue that the judgment is void because the Court lacked subject matter jurisdiction, relying on Rule 60(b)(4). Their remaining grounds for relief are apparently raised under Rule 60(b)(6), which allows the Court to relieve a party from the consequences of a judgment for "any other reason that justifies relief." The Court finds that the plaintiffs have not established that they are entitled to relief and therefore will deny the motion.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Relief from a judgment or order under Federal Rule of Civil Procedure 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). In order to qualify for relief under Rule 60(b), "a party seeking relief from judgment must show the applicability of the rule." *Ibid*.

First, the plaintiffs invoke Rule 60(b)(4) and contend that the Court lacked subject matter jurisdiction because "Pashka Berishaj's interest in the Property was not separable from the interest of Peter Berishaj, and her conveyance of the September 19, 2006 mortgage was a wrongful and unlawful conveyance." This argument concerns only the merits of the plaintiffs' legal claims against the defendant and has no bearing on the basis for the Court's subject matter jurisdiction. The Court's exercise of diversity jurisdiction in this case under 28 U.S.C. § 1332 was based on information disclosed in the notice of removal and the complaint. The pleadings reflect that the plaintiffs executed a $675,000 mortgage on their home, which the defendants eventually foreclosed after the plaintiffs fell behind on their payments. The plaintiffs contend in the complaint that they

-2-

are residents of the State of Michigan and that the subject property is located in Oakland County, Michigan. Defendant Bank of New York Mellon is a New York corporation with its headquarters in New York. Defendant Mortgage Electronic Registration Systems, Inc. is a Delaware corporation with its headquarters in Virginia. The case was removed properly to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1441(a), 1332(a)(1), and the plaintiffs have shown no facts that would support a conclusion otherwise.

Second, the plaintiffs argue that the Court should have permitted them time to amend their complaint. That argument apparently is based on Rule 60(b)(6). The Sixth Circuit has held that a court may grant relief under this rule "'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Export–Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks*, 250 F.3d at 387). In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011).

The plaintiffs never made a request to amend their complaint by motion or otherwise during the seven-month pendency of the case before entry of the judgment of dismissal. Their belated request to amend after the fact does not establish any extraordinary circumstance that would justify relief.

Third, the plaintiffs argue that "the elements of claim preclusion were not satisfied." That argument is merely an attempt to relitigate the same issues presented in the complaint and to rehash the same arguments that they raise in their opposition to the motion to dismiss. The Court addressed those arguments in its opinion and order granting the defendants' motion to dismiss the complaint

[dkt. #20], and it would be improper do so again here under Rule 60(b).  *Jinks*, 250 F.3d at 385.

The plaintiffs also argue that relief is justified because their attorney was negligent in handling the

matter, but neglect by counsel is not a basis for relief under Rule 60(b)(6) absent extraordinary

circumstances, such as the refusal of an attorney to inform the client of the outcome of a matter for

a prolonged period, despite frequent and repeated requests for information.  *See Travelers Cas. and

Sur. Co. of America v. J.O.A. Const. Co., Inc.*, 479 F. App'x 684, 695-96 (6th Cir. 2012).  The

plaintiffs have shown no such circumstances here.

The plaintiffs finally contend that plaintiff Peter Berishaj "was a non-party to [the] 1st

complaint filing and cannot be bound by this court judgment."  This argument is irrelevant, because

the plaintiffs are not contesting the entry of judgment in the earlier matter involving the same

foreclosure claims.  Plaintiff Peter Berishaj was named as a plaintiff in the complaint that formed

the basis of the present matter, and he therefore is bound by the judgment in the present case, which

is the only judgment that he has challenged here.  If Peter Berishaj's argument is meant to challenge

the application of the claim preclusion doctrine advanced by the defendants in their motion to

dismiss, the argument comes too late and cannot be resurrected through a motion filed under Rule

60(b).  *Pierce v. United Mine Workers*, 770 F.2d 449, 452 (6th Cir. 1985) ("The interests of finality

of judgments and judicial economy outweigh the value of giving a party a second bite of the apple

by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that would

have been asserted on appeal.").

Accordingly, it is **ORDERED** that the plaintiffs' motion for relief from judgment [dkt. #25]

is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 12, 2013

<div style="border:1px solid black">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>